### LEVAN *v.* THE STATE.

1. In the absence of a request to charge upon the law with respect to the impeachment of witnesses, failure to do so is not cause for a new trial. There is in this case no complaint that counsel for the plaintiff in error was not permitted to present such a request.

2. Even if it should appear that jurors while deliberating upon a criminal case were considering a matter as to which there was no evidence, this will not afford cause for a new trial, when it further appears that they sought instructions upon this point and were distinctly charged that they must be governed by the law, the evidence, and the statement of the accused.

3. The verdict was sufficiently supported by evidence.

Argued November 19, — Decided December 10, 1901.

Indictment for misdemeanor. Before Judge Falligant. Chatham superior court. September 21, 1901.

*R. L. Colding*, for plaintiff in error.
*W. W. Osborne, solicitor-general*, contra.

LUMPKIN, P. J. The indictment in this case charged the accused with the offense of keeping open a tippling-house on the Sabbath day. He was convicted, made a motion for a new trial, and assigns error upon the overruling of the same.

1. In one ground of the motion exception is taken to the failure of the court to give in charge to the jury the law applicable to the impeachment of witnesses. There was no request to so charge. Under repeated rulings of this court, a new trial will not be ordered because of such a failure, unless a proper request to charge upon this subject was preferred. In the above-mentioned ground of the

motion for a new trial it is recited that "the court would not allow counsel to request this section to be given in charge." Probably, the "section" referred to is one of those to be found in our code relating to the impeachment of witnesses. No error, however, is assigned upon the refusal of the court to allow counsel to present a request on this subject.

2. It appears that after the jury had deliberated for a considerable time upon the case, the foreman addressed to the judge a written communication in these words: "We wish to be recharged as to whether a portiere can be considered a legal separation between a barroom and a restaurant." There was no evidence relating to a portiere, but the jury were allowed to view the premises in which the alleged tippling-house was located. Possibly, on their tour of inspection, the jurors may have discovered something which they took to be a portiere designed to separate the barroom from the restaurant. This, however, is mere matter of conjecture. After receiving the communication above referred to, the judge required the jury to be brought into the court-room. Counsel for the accused, who had been informed of the fact that this communication had been sent and received, arose in his place for the purpose of moving for a mistrial. Before allowing him to present the motion, the judge charged the jury as follows: "I charge you, gentlemen of the jury, that the place must be securely closed so that persons can not, if they choose, push a place open, walk in and drink. It must be securely closed. It has been held that if a place is a tippling-house and has a door for an entrance, so that anybody can push it open, enter and drink, the proprietor is guilty of the offense, if it be kept in that condition on the Sabbath day. Whatever the material is with which the place is closed, it must be securely closed; it must be securely closed so that a person can not walk in of his own will or come out of his own will and tipple. That is all I think necessary to state." Counsel then made his motion for a mistrial, which the court overruled, but further instructed the jury: "You are to decide this case upon the evidence adduced on the stand, considering in connection therewith the statement of the prisoner at the bar, and under the law as given you in charge by the court." Under the circumstances above disclosed, we can not hold that the court erred in declining to order a mistrial. Granting that the jury may have been considering a matter not in evidence, the final instructions given them

by the judge clearly pointed out to them that it was their duty to decide the case according to the evidence and the prisoner's statement, under the rules of law given them in charge.    The very fact that the jury, through their foreman, addressed the communication to the judge clearly shows that they had no disposition to arrive at a verdict in an unauthorized manner, and that they desired to be guided by correct rules in reaching their conclusion.    This being so, it is fair to assume that when the judge, in response to their request, correctly gave them in charge the law with regard to the keeping open of a tippling-house on the Sabbath day, and admonished them to follow the law and be governed by the evidence and the statement of the accused, they obeyed the instructions of his honor and based their verdict upon the sworn testimony.

3. The motion contains a complaint that this testimony was insufficient to warrant the verdict.    To this, however, we can not, after carefully reading the brief of evidence, agree.    The jury were fully warranted in concluding that the accused committed the offense with which he stood charged.

*Judgment affirmed.    All the Justices concurring.*